## Blystone v. First National Bank of Cambridge Springs.

*Execution — Sheriff's interpleader — Failure to file statement or enter bond—Costs—Counsel fee—Act of May 26, 1897.*

Where a claimant in a sheriff's interpleader fails to file his statement or to give bond, as required by the Act of May 26, 1897, P. L. 95, all the costs will be imposed upon him, including counsel fees to be taxed by the court.

Rule to show cause why judgment should not be entered in favor of defendant for costs and counsel fee in interpleader proceedings. C. P. Crawford Co., May T., 1923, No. 6.

*Albert L. Thomas,* for plaintiff; *John A. Bolard,* for defendant.

PRATHER, P. J., Nov. 26, 1923.—The First National Bank of Cambridge Springs, Pa., having entered judgment against Mary A. Wilmier and G. H. Wilmier in the Court of Common Pleas of Crawford County, and having issued execution thereon, C. E. Blystone made claim to the goods levied upon by virtue of said execution. Thereupon the sheriff caused the said goods to be appraised and presented his petition in court for an issue to be framed, wherein the said C. E. Blystone should be plaintiff and the First National Bank of Cambridge Springs defendant. Thereafter J. A. Bolard, counsel for plaintiff in said execution, and of defendant in said issue, came into court and entered a rule upon the claimant, C. E. Blystone, to file his statement of claim within fifteen days. Claimant having failed to file either his statement of claim or to give bond, as required by the Interpleader Act of May 26, 1897, P. L. 95, counsel came into court and secured an order upon the sheriff to make sale of the property so levied upon and claimed by C. E. Blystone. After the proceedings recited, counsel for defendant, upon motion, obtained this rule.

The question involved is whether claimant in an issue so framed is liable for the costs incurred and for counsel fees, when he defaults and abandons the issue in the manner recited without going to trial.

The determination of this question involves the consideration of sections 13 and 14 of said act.

So much of section 13 as is applicable reads: "If upon the trial of said issue the title to said goods and chattels be found not to be in the claimant, he shall pay all the costs of said proceeding, including the allowance of a fee to the counsel for the plaintiff in the execution or proceedings, as shall be fixed by the court," etc.

Section 14 provides: "In all issues framed under this act, all the costs of the proceedings shall follow the judgment and be paid by the losing party as in other cases," etc.

"The trial of said issue" usually involves a trial in court and the presentation of testimony. But if the case be proceeded with so that an issue be framed, we have a litigant, a claimant and plaintiff in court responsible for the costs made, unless he prosecutes his claim to a favorable judgment. If he abandons the issue at any stage in the proceeding, what complaint can he have if he be visited with costs? By failing to file his bond or a statement of claim, or in case these are both filed, if he fails or refuses to offer any testimony in support of his claim, judgment must in reason, and within the contemplation of the statute, be entered against him.

With reference to the language in section 13, which provides: "He (claimant) shall pay all the costs of said proceedings, including the allowance of a fee to counsel for the plaintiff in the execution," etc., it is to be observed that

4 D. & C.

"costs" and "fee to counsel" are used as though the former included the latter. We might paraphrase the same language as follows: "He shall pay all the costs of said proceeding (which shall include the allowance of a fee to counsel) for the plaintiff in the execution." Taking this language in connection with section 14, which reads as follows: "In all issues framed under this act, all the costs of the proceeding (including the allowance of a fee to counsel) shall follow the judgment and be paid by the losing party as in other cases," it seems clearly to have been the legislative intent that such counsel fee, when allowed, should be considered as a part of the costs of the proceeding, and should, therefore, be included in the judgment against the claimant.

Our Court Rule No. 19, being the rule referring to proceedings had under this same act, provides: "If the claimant fail to file a statement of his claim and give bond within fifteen days after the issue is ordered, it shall be considered as abandonment of his claim upon the goods levied upon, and the court, upon motion of the plaintiff in the execution, or of the sheriff, shall grant judgment of *non pros.*"

We have been unable to find any decision touching upon the peculiar legal question involved, but we are persuaded that the implication of the statute that counsel fees should be regarded as part of the costs is clear enough to sustain our conclusion that all the costs of the proceeding occasioned by the framing of the issue and the readvertisement, the prothonotary's costs and the counsel fee should be taxed and included in the judgment against plaintiff.

We fix the counsel fee at $15, the costs on interpleader at $10, costs on readvertised sale at $15.15, to which is to be added the usual costs in the prothonotary's office.

Now, Nov. 26, 1923, it is directed that judgment be entered in favor of defendant and against the plaintiff for all such costs, inclusive of counsel fee of $15 for defendant's attorney.

From Otto Kohler, Meadville, Pa.